THE United States District Court
for THE District of Columbia

Barry B. Martin
    petitioner,

V.

United States of America
U.S. Parole Commission
Parole Agency, CSOSA's
Re-entry & Sanction Center
Karrick Hall, Building #17

    Defendants,
    et. al.

Case No. 08-0181

## Motion To Amendment for Injunctive Relief

Comes Now, petitioner Barry B. Martin, Pro s'e Litigant, asking this honorable judge to grant this herein motion, under THE United States Constitution which guarantee's the Right to Redress an grievance for Relief pursuant to Article, 1, of THE United States Constitution. Petitioner is asking for an Emergency Rule 65, [TRO], Temporary Restraining Order, which is immediately acted upon, based on deprivation of fundament constitutional rights.

Motion to Amendment for Injunctive Relief

Exhibit's - C, in support of motion that was filed, Reasons:

The commission has determined, based upon a Request from the Supervising Officer that the Reentry and Sanction Center placement be added as a special condition, because the condition would allow the subject to be assessed and address a history of substance abuse, housing and mental health issues [The Above DECISION IS NOT APPEALABLE].

Plaintiff, Barry B. Martin, Realized that since he had completed his term of confindement the Parole Commission [has abused it's authority] by adding this placement which should have been address within the [framework] of the 6 months that this Commission or Supervising officer had adequate time [to implement any assessment], as you can see (where a federal agency acts pursuant to an unknown standard, the exercise of that statutory delegation of authority becomes Non-delegable). This standard or requirement

(O)

is referred to as an intelligible principle or some goal or degree of discretion expressed in the language of the law. More on that point is case of Kent v. Dulles, 357 U.S. 116 (1958), where the court held that the Secretary of State's exercise of discretion to deny a passport for any reason was subject to Congressional limitations. An American citizen's right to travel is a liberty which cannot be deprived without adherence to due process, and if that liberty is regulated, it must be pursuant to a lawfully delegated legislative function. Id. Any exercise in opposition is considered an impermissible action. If the right to travel is a fundamental liberty interest requiring due process, then our right to be [free] from unreasonable governmental [invasions] must have the [same level of protection] if not more. On one hand the Constitution and certain mandates permit specific Executive action flowing from delegated power. This does not automatically mean that the exercise of that delegation is permissible under the Constitution, just that as a matter of procedure, delegation of power are permitted to ensure the orderly operation of governmental functions, similar to a license to operate or practice.

(1)

ON February 1th, 2008, I was informed I'll be sent to another assessment, eventhough I feel this is unjustifiable, because I believe I'm being retaliated against for my out spokenest of rights, that are being violated, because it was explain to me by Case Manager, Mrs. Hinton, that every person is Referred to another vendor for further treatment and mine is Psychiatric Institute Of Washington, D.C. [PIW] on Wisconsin Avenue, N.W., for another (7) days, just because they can force me subliminally, through fear of incarceration, if I don't comply with these presumption of what they [person's, staff, Official's, Director of Re-entry and Sanction Center; Parole officer; Supervisor Parole Officer, all person's or staff member's who write an observation of their personal assessment of what somebody else's theory my be of my behavior or personality], which is wrong and without merit's, I told Mrs. Hinton, I was takin mental medication, because I was placed into maxium security block at D.C. Jail, although my violation of parole was considered administrative, with 6 months of incarceration for that infraction, but I am housed with person's serving or facing a lot of time and I'm not suppose to obtain mental medication to keep a clear forcus of being around these type of attitudes, 30 to Life, 50 years (etc).

(2)

This is the explanation for the harsh conditions I had to endure at D.C. Jail and why I was on medication for depression, after getting off my medication in the first place by Dr. Smothers at Spring Rd Clinic and we came to an agreement, that it was best, in my interest to come off medication around February 2007, My marriage problems of depression was and still is, address without any medication, because I'd learn that I did not have to use drugs, too handle my issuses and I had taken myself out of treament, because mental health is to assist persons with managing or balancing their lives, which are out of control psychologically, emotionally or socially and as you should be able to sense my level of sanity, by formulating these motions of grievances against this agenties official's, who posse [omnipotent authority] beyond Congressional limits, which is unconstitutional, and I demand or command this court to ask accordantly in handling this matter under an [emergency injunction] for relief.

(3)

petitioner, can only sight of a few cases, due to this facilities policies, which **precludes, prohibits**, basic rights, that's afforded to all person's under procedural Liberty interest **clause**, by applying the three factors set forth in Mathews, we find Ohio's New Policy provides a sufficient level of process. We first consider the significance of the inmate's interest in avoiding erroneous placement at OSP, but herein [PIW, Psychiatric Institute Of Washington] in the District Of Columbia. Petitioner or Prisoners held in Lawful confinement have their Liberty curtailed by definition, so the procedure protections to which they are entitled are more Limited than in cases where the right at stake is the right to be free from confinement at all. See, e.g. Gerstein v. Pugh, 420 U.S. 103, 43 L. Ed. 2d 54, 95 S. Ct. 854 (1975). Wolff, 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct. 2963. The private interest at stake here, by [Petitioner, Prisoner] while more than minimal, must be evaluated, nonetheless, within the context of the prison system and it's attendant curtailment of [a persons Liberty].

(4)

The second factor addresses the risk of an erroneous placement under the procedures in place, [in Exhibit's - B, C, D, E(a)(b)] and the probable value, if any, of additional [Psychology assessment or confinement of Mental behavioral illness or problems or alternative procedural safeguards. The New Policy provides that an inmate [must] receive notice of the factual basis leading to consideration for [PIW] placement and a fair opportunity for rebuttal [any Recommendation CSOSA's employee's or contractor's decide beyond the requirements set-forth in these Exhibit's, B, C, D, E(a)(b) of guidelines, rules and procedures are mandated by Law]. Our procedural due process cases have consistently observed that these are among the most important procedural mechanisms for the purpose of avoiding erroneous deprivations. See, Greenholtz, supra, at 16, 60 L. Ed. 2d 668, 99 S. Ct 2100. also, Greenholtz, supra, at 442 U.S. 1, 15, 60 L. Ed. 2d 668, 99 S. Ct 2100 (1979); Cleveland Bd. of Ed. Vs. Loudermill, 470 U.S. 532, 543, 84 L. Ed. 2d 494, 105 S. Ct 1487 (1985); Fuentes v. Shevin, 407 U.S. 67, 80, 32 L. Ed. 2d 556, 92 S. Ct. 1983 (1972). ("For more than a century the central meaning of procedural due process has been clear: Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right

(5)

they must first be notified." (quoting Baldwin v. Hale, 68 U.S. 223, 1 Wall, 223, 233, 17 L. Ed. 531 (1864))). Requiring officials to provide a brief summary of the factual basis for the classification review and allowing the inmate a rebuttal opportunity safeguards against the inmate's being mistaken for another or singled out for insufficient reason. In addition to having the opportunity to be heard at the Classification Committee stage or [other review boards], Ohio also invites the inmates to submit objections prior to the final level of review. This second opportunity further reduces the possibility of an erroneous deprivation. Although a subsequent reviewer may overturn an affirmative recommendation for [OSP] placement, the reverse is not true; if one reviewer declines to recommend [OSP] placement, the process terminates. This avoids one of problems apparently present under the old policy, where, even if two levels of reviewers recommended against placement, a later reviewer could overturn their recommendation without explanation. If the recommendation is [OSP] placement, Ohio requires that the decision maker
(6)

provide a short Statement of Reasons. The Requirement guards against arbitrary decisionmaking while also providing the inmate [parolee] supposedly, a basis for objection before the next decision maker or in a subsequent classification review, but herein [Petitioner is not afforded this opportunity]. The statement also serves as a guide for future behavior. See, Greenholtz, supra, at 16, 60 L.Ed 2d 668, 99 S.Ct. 2100. As we have noted, Ohio provides multiple levels of review for any decision recommending OSP placement, with power to overturn the recommendation at each level. In addition to these safeguards, Ohio further reduces the risk of erroneous placement by providing for a placement review within 30 days of an inmate's initial assignment and [herein petitioner was evaluated by psychology services at FCI, Bureau of Prisons, Cumberland Maryland, before being released to this Re-entry and Sanction Center for whatever the true reasons are]. Petitioner is contesting the Right to be free from confinedment (see) Exhibit-E(b) **Special Conditions**, (Stated): In addition you

(7)

shall beside and participate in a program of the Re-entry and Sanctions Center until discharged by the [Center Director]. Without any other emphasis of further Psychology evaluations, if no outside docotor has recommended this stipulation nor court, to impose another confinedment of petitioners liberty is unconstitutional and without any justification, other then the Recommendation of CSOSA's employee's, who's obligation is too be loyal to it's [hierarchy] and if there was some psychology issuses with petitioner Barry B. Martin, those other psychology services would have pointed those trace out to CSOSA, if I was a serious threat, harm, to society, I would not have been paroled, nor sent too this program, but although I was suppose to be release from confindement of restraints of any [walls], cause that's what parole terminology is, in legal form, now I am forced again into another form of conditional physical restraints of liberty to be confind for supposely (7) days of atrocious conditions like the one's here in this Re-entry and sanction

(8)

Center program, ①. No contact with outside persons or Lawyers. ②. No outside privileges or fresh air. ③. No other participation then treatment from 8am until 9pm, each hour, except for Lunch and whenever there's no group, that means, I am not allowed to file legal papers nor study legal materials read any other material then what this's treatment center provides. ④ Consequences, if I am found guilty of noncompliance (just because) tardiness, failure to complete assignments, sleeping in group, fallowing activity from treatment specialist (etc). ⑤ In need of copies of legal papers. all the above is a violation of my due process rights and liberty interest, which should not be denied or redress grievance, due transferred, to another facility or placed on parole, does not make this litigation "Moot", cause petitioner suffered irreparable damages from these [collateral punishment] or shift in philosophy of authority, which abuses The United States Constitution of America and it's principles of what it was founded upon, "Denationalization" is a high federal crime in the United States Constitution, which is what Congress did when it gave this authority to the U.S. Parole Commission, CSOSA and it's agencise and employee's who believe the "fraudulent concealment" to be true

(9)

is Relation of trust or confidence between parties' and 15 Texas Law Review, pp 133, 134. "But where one party, [who possesses superior knowledge as to law], takes [advantage] of the other part's ignorance is that respect and intentionally makes misrepresentation concerning the law for purposes of [deceiving the other party] and actually succeeds in that respect, he may be held responsible for his conduct", 2001. Being that fraud is usually described as an intentional perversion of truth for inducing another in relevance upon it to part with some valuable thing belonging to him or [surrender a legal right].

All officials in Receipt of this motion hold a pos-itive self-executing duty to act on known abuse of the Constitution, required to facilitate corrective action is mandatory as an operation of Law. Harm and injury. as defined in 18 U.S.C. 1515 and bodily injury, as is definded at 18 U.S.C. 1515, in particular, (3), (1), (E) Result from the act of non-disclosure. That violate my rights and I ask, for justice, through this Court OF THE UNITED STATES OF AMERICA.

(9)