## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

——————————————————————

| | |
|---|---|
| **BARRY B. MARTIN,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **Civil Action No.  08-0181 (JR)** |
| ) | |
| **UNITED STATES et al.,** ) | |
| ) | |
| **Respondents.** ) | |

——————————————————————)

## <u>ORDER</u>

Pro se petitioner Martin seeks a writ of habeas corpus and a temporary restraining order ("TRO") prohibiting the Parole Commission and the Court Supervision and Offender Agency of the District of Columbia from requiring him, as a condition of parole, to reside for a short period in a drug abuse assessment center.  Respondents argue that the petition should be denied because the conditions imposed are lawful.  Because petitioner has not shown he is entitled to a TRO, the motion for a TRO will be denied.  Because the respondents' opposition could cause the petition to be denied, the petitioner will be advised to respond.

A temporary restraining order is emergency relief available only upon a showing that (1) the moving party is substantially likely to succeed on the merits of the underlying action, (2) he would suffer irreparable harm in the absence of an injunction, (3) the injunction would not substantially harm other parties, and (4) the injunction would not substantially harm the public interest. *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1505-06 (D.C. Cir. 1995).  Petitioner argues that the imposition of a special condition of parole is illegal and constitutes double jeopardy.  The law, however, authorizes the Parole Commission to impose reasonable conditions,

such as the one here requiring short-term residence in a drug abuse assessment center, where it has determined, as it did here, that the condition is necessary to protect the public from further crimes by the person under sentence and to provide adequate supervision of the parolee. *See* 28 C.F.R. §§ 2.85(b); 2-204(b); D.C. Code §§ 24-131, 24-404. Although the Double Jeopardy Clause of the Constitution protects a criminal defendant from multiple punishments or multiple prosecutions for the same offense, *Ohio v. Johnson*, 467 U.S. 493, 498 (1984), because conditions of parole are merely a modification of the original, continuing sentence of criminal punishment, they do not constitute double jeopardy, *United States v. Wyatt*, 102 F.3d 241, 245 (7th Cir. 1996); *United States v. Woods*, 127 F.3d 990, 992-93 (11th Cir. 1997). Because petitioner has not shown that he is likely to succeed on the merits of his underlying petition and has not addressed the other factors required to justify a TRO, the motion for a TRO will be denied.

Defendants have filed an opposition to the petition, *see* Dkt. #13, that will be treated for all practical purposes as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The defendants' opposition could potentially dispose of this case, and the *pro se* petitioner is advised here of his obligation to respond. See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

Petitioner's attention is directed to Rule 12(d) of the Federal Rules of Civil Procedure, which states in pertinent part:

> If, on a motion under Rule 12(b)(6) [asserting the defense of failure of the pleading to state a claim upon which relief can be granted] or 12(c) [seeking judgment on the pleadings], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under

> Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

The petitioner's attention is also directed to Rule 56 of the Federal Rules of Civil

Procedure, which states in pertinent part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> (1) *In General.*  A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.  The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.

> (2) *Opposing Party's Obligation to Respond.*  When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which

provides as follows:

> Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.  An

> opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement . . . .  In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Local Civil Rule 7(h).

In other words, the court will accept as true any factual assertions contained in affidavits or attachments submitted by the defendants in support of a motion for summary judgment unless the petitioner submits affidavits or documentary evidence showing that the defendants' assertions are untrue.  See Neal, 963 F.2d at 456.  Further, the petitioner's attention is directed to Local Civil Rule 7(b), which states:

> Within . . . such . . . time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

Local Civil Rule 7(b).

Additionally, the petitioner is directed to Rule 6(d) of the Federal Rules of Civil Procedure which provides:

> When a party may or must act within a specified time after service and service is made [by mail or by other means consented to in writing by the person served], 3 days are added after the period would otherwise expire. . . .

Fed. R. Civ. P. 6(d).

The court may treat as conceded any motion not opposed within the time limits outlined above. Alternatively, the court may consider on the merits any motion not opposed within the time limits outlined above. Thus, failure to respond to the defendants' motion in this case carries with it the risk that the case will be dismissed. Accordingly, it is

**ORDERED** that petitioner's motion for a temporary restraining order [Dkt. #3] is **DENIED**. It is further

**ORDERED** that petitioner shall file any response to defendants' opposition [Dkt. #13] no later than May 20, 2008. If plaintiff does not respond by that date, the court may treat defendants' opposition as conceded and deny the petition.


JAMES ROBERTSON
United States District Judge