THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BARRY B. MARTIN
    PETITIONER

    V.

CIVIL ACTION NO. 08-181(JR)

UNITED STATES OF AMERICA, et al.,
    RESPONDENTS

PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION
TO DISMISS PETITIONER' S WRIT OF HABEAS CORPUS

PETITIONER, BARRY B. MARTIN, **PRO SE** LITIGATE FILE THIS OPPOSITION TO OPPOSE THE

RESPONDENTS MOTION DEFIANTLY TO DISMISS PETITIONER'S CLAIM COLOR OF LAW VIOLATED

PETITIONER'S CONSTITUTIONAL RIGHTS, WHICH ARE PROTECTED IN THE FIRST AMENDMENT

OF THESE UNITED STATES, WHERE IT GUARANTEES THE RIGHT TO "FREELY ADDRESS THE GOVERN-

MENT TO SEEK REDRESS OF GRIEVANCE.." AND IF THE RESPONDENTS TOO, RESPECTS THIS

CONSTITUTIONAL SAFE GUARD, THEN THEY TOO, SHOULD WELCOME " THEIR DAY IN COURT "!

WHEREAS,PETITIONER, BARRY B. MARTIN, RESPECTFULLY MOVES THAT THIS HONORABLE COURT,

RESPECTING THE INTEGRITY OF THIS COURT, THE CONSTITUTIONAL SAFE GUARDS OF THIS

PETITIONER, AS ALL AMERICAN CITIZENZY,SHOULD ALLOW FOR THIS CASE TO GO FORWARD AND

BE DETERMINDED BY A JURY OF PEERS, AS NOTHING IN THE LAW OF THIS COUNTRY AND OR THE

AGENCY AT QUESTION IN THIS CAUSE, GIVES RISE TO ACTION TAKEN BY THESE DEFENDANTS AS

AN LAWFUL ACTION, AS IS WELL BELIEVED, THAT HAD PETITIONER BEEN CHARGED WITH COMM-

ITING THE SAME ACTS AS ALLEGED HERE, THIS COURT WOULD READILY ALLOW THIS CASE TO GO

FORWARD TO EVENTUALLY BE PRESENTED BEFORE A JURY OF PEERS TO DETERMINE THE LAWFUL

OUTCOME, SUCH AN OUTCOME HERE IS WELCOMED WITH SUCH A JURY DETERMINATION, IT IS

NOTHING WRONG OR INCONCLUSIVE ABOUT THIS BEING A LAWFUL COMPLAINT TO BE

RECEIVED
MAY 2 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NOTHING WRONG OR INCONCLUSIVE ABOUT THIS BEING A LAWFUL COMPLAINT TO BE DETERMINED BY A JURY OF PEERS, ESPECIALLY SO, IF THESE DEFENDANTS ARE TRUTHFULLY ASSERTING THAT NO WRONG DOING HAS ACCURED ON HIS/HER PART, WERE AN UNLAWFUL ACT, ESPECIALLY SO, SINCE THE FINDING OF GUILT BY OTHER GOVERNMENT EMPLOYEES OR PUBLIC OFFICALS OF THESE UNITED STATES AND FROM MEMBERS OF THE WHITE HOUSE, FINDINGS OF LYING TO FEDERAL GRAND JURY AND MEMBERS OF THE UNITED STATES CONGRESS BY OTHER GOVERNMENTAL AGENCY EMPLOYEES, SHOWS, WITHOUT HESITATION, THAT GOVERNMENT EMPLOYEES WILL TELL SWORN UNTRUTHS TO PROTECT THEIR CONSTITUENCY AND THIS COURT SHOULD NOT ALLOW THE "CLOUD OF TARNISHMENT" TO HOOVER OVER THIS CASE, MOREOVER, DEFENDANTS IN THIS CAUSE, HAS NOT PRESENTED ONE SHRED OF EVIDENCE TO SHOW THAT THEIR ACTIONS WERE LAWFUL ACTS, THEY MERELY REQUEST THAT THEY NOT BE HELD TO ANY ACCOUNTABILITY AND RESPONSIBILITY FOR SUCH ACTIONS AS GOVERNMENTAL EMPLOYEES, AND THAT THEY SHOULD BE ALLOWED TO BE DISMISSED BECAUSE THEY ARE **"ABOVE THE LAW "** WITH THEIR DISCRETION OF LAW. WHICH IS A VIOLATION OF **THE SEPARATION OF POWERS PRIN-CIPLE,** IF THE PAROLE COMMISSION AND CSOSA, IS ALLOWED TO USE THIS PRINCIPLE TO CAUSE UNJUSTIFIABLE ACTS AGAINST PETITIONER AND OTHER CITIZENRY, WHICH SHOWS THE TYRANNY OF THESE BRANCHES AND NO GOVERNMENT AGENCY / BRANCH CAN AUTHORIZE AN UNCONSTIT-UTIONAL ACT, BY ABUSING IT'S DECRETION IF IT FAILS TO FALLOW IT'S OWN REGULATIONS OR PROCEDURES, FUNARI v. WARDE, 218 F.3d 250, 257-58 ( 3rd Cir 2000 ) quoting MORET v. KARN, 746 F.2d 989,992 (3rd Cir.1984 ).

## INTRODUCTION

RESPONDENTS CLAIM THAT PETITIONER, BARRY B. MARTIN, DOESN'T HAVE AUTHORITY TO PETITION THE COURT FOR REDRESS OF A GRIEVANCE BASED ON THE PAROLE COMMISSION'S DISCRETION BY LAW AND MAY NOT BE REVIEWED AS LONG AS THERE IS " SOME EVIDENCE " TO SUPPORT THE COMMISSION'S FINDING 28 C.F.R.§ 2.85 (b) PROVIDES THAT THE COMMISSION MAY IMPOSE A SPECIAL CONDICTION OF PAROLE, IF IT DETERMINES THAT THE CONDITION IS "NECESS-ARY TO PROTECT THE PUBLIC FROM FURTHER CRIMES BY THE RELEASEE AND TO PROVIDE ADEQ-UATE SUPERVISION OF RELEASEE. " THAT DETERMINATION IS LIFT TO THE COURTS." ESPECIALLY

SINCE THE RECORD REFLECTS PETITIONER HAS NOT COMMITTED ANY ADDITIONAL CRIMES, THEN HIS ORIGINAL CONVICTION IN 1984, AND THIS VIOLATION WAS FOR REFUSING THE INSTALLATION OF THE [ G P S ] TRACKING DEVICE [ **NOT SUBSTANCE ABUSE** ] WHICH THIS PAROLE COMMISSION, CSOSA AND RESPONDENTS ARE IMPLYING THEIR JUSTIFIABLE REASON FOR VIOLATING PETITION-ER'S RIGHTS OVER AND OVER AGAIN. THE COURTS MUST LIFT IT'S VEIL AND CORRECT THE ERROR AN DEMOTE SUCH POWER AND DICTATORSHIP OF TYRANNY, BEFORE ALL IS LOST OF INTEGRITY IN OUR JUSTICE SYSTEM, " **WE THE PEOPLE OF THESE UNITED STATES," PRAY FOR TRUE JUST-ICE IN ALL WHO HOLD PUBLIC OFFICE.**

IF A COLOR-

ABLE RIGHT HAS BEEN DEPRIVED FROM PETITIONER IN ANY DELIBRATE INDIFFERENCE, IT IS A VIOLATION OF PETITIONER CONSTITUTIONAL RIGHTS THAT ARE GUARANTEED TO BE PROTECTED WHEN A PERSONS/ CITIZENRY LIBERTY IS AT STAKE, THE CONSTITUTION REQUIRES THAT THERE BE ACCURATE FACT- FINDING AND FAIR PROCEDURES. CONSTITUTIONAL LAW $\textcircled{S_0}$ 272 A PROSPECTIVE PAROLEE WHO HAS BEEN APPROVED FOR PAROLE ENJOYS A STATUS AS IMPROTANT AS THOSE SUFFERING ECONOMIC DEPRIVATION AND IS ENTITLED TO MINIMAL DUE PROCESS SAFEGUARDS BEFORE RESCISSION OF HIS PAROLE U.S.C.A. CONST. AMEND. 5

THE SUPREME COURT IN CONSIDERING THE APPLICABILITY OF DUE PROCESS STANDARDS TO PAROLE REVOCATIONS [PAROLE/PAROLEE] DECLARED THAT PROCEDURAL PROTECTION ARE DUE WHEN "AN INDIVIDUAL WILL BE CONDEMNED TO SUFFER GRIEVOUS LOSS." MORRISSEY V. BREWER, 408 U.S. 471, 481, 92 S.CT. 2593, 2600, 33 L.Ed .2d 484 (1972). PETITIONER HAD COMPLETED THE PAROLE TERM OF( 6) MONTHS. FOR WHAT WAS SUPPOSE TO BE A VIOLATION OF REFUSING THE G P S TRACKING DEVICE INSTALLATION, BUT WHY WAS THE G P S TRACKING DEVICE IMPLEMENTED IN THE FIRST PLACE AND WHY WAS PETITIONER VIOLATED FOR REFUSING THE INSTALLATION ? SEE: 28 C.F.R. § 2.21.01. **ADMINISTRATIVE VIOLATIONS**

THE COMMISSION HAS A RANGE OF SANCTIONS AVAILABLE FOR DEALING WITH ADMINISTRATIVE PAROLE VIOLATIONS: SPECIAL CONDITIONS (c. g., A CCC PLACEMENT ), AND REVOCATION.

THE COMMISSION [ PREFERENCE IS TO USE REIMPRISONMENT AS A **LAST RESORT** ], i.e., WHEN THESE GUIDELINES WITHIN 28 C.F.R. ARE **AFFIRMATIVE STATUES.** A LAW REQUIRING THAT SOME-OTHER SANCTIONS HAVE BEEN **UNSUCCESSFULLY TRIED** OR ARE PLAINLY INAPPROPRIATE. THING BE DONE ; ONE THAT DIRECTS THE DOING OF AN ACT. Cf. NEGATIVE STATUE, SEE: CONNALLY

v.    GENERAL CONSTRUCTION CO., 269 U.S. 385, 391 46 S.Ct. 126, 70 L. Ed 322 (1926 ). THE STATUE SHOULD BE CONSTRUED IN THE LIGHT OF THE RULE THAT THE CONSTITUTIONALITY OF STATUES IS THE STRONGEST **[ PRESUMPTION ]** KNOWN TO THE COURTS. UNITED STATES v. BREWER, 193 U.S. 278, 35 L.Ed. 190, 11 Sup. Ct. Rep. 538; STATE ex rel. HASTINGS v. SMITH, 35 Neb. 13, 16 L.R.A. 791, 52 N.W. 700  UNITED STATES  v. LACHER, 134 U.S. 624,628 (33.1080.83 )

ESPECIALLY IF PAROLEE IS WORKING AND OTHER CIRCUMSTANCES THAT THE PAROLE EXAMINER SUPPOSE TO TAKE INTO ACCOUNT TOO PRMOTE FAIR JUSTICE AND TO HEAR FROM PAROLEE'S COUNSEL OR HIM SELF CONCERNING THE WRONGFUL FALSE ACCUSATIONS USED TO VIOLATE PAROLEE WITHOUT FRACTUAL EVIDENCE TO SUPPORT THIS TERM OF INCARCERATION.

PETITIONER, DUE PROCESS WAS VIOLATED ON FEBRUARY 12TH 2006, WHEN THE SUPERVISIOR OF OF TEAM (52) MR. AKIL WALKER AND SEX OFFENDER THERAPIST MR. KENNETH TRUITT, CONSPIRED TOGETHER AND SUBMITTED TO THE PAROLE COMMISSION FRAUDULENT ACCUSATION THAT PETIT-IONER HAD COMMITTED SOME CRIMINAL ACT AGAINST A MINOR AND PETITIONER HAD NOT COMPLETED SEX OFFENDER THERAPY, BUT THE SAME THERAPIST HAD DISCHARGED PETITIONER IN JANURARY 30TH 2002 AND THE PAROLE COMMISSION RESCIND PETITIONER'S PAROLE UNTIL MARCH 14TH 2006, WITHOUT ANY REBUTTAL NOR  INVESTIGATION INTO THE FALSE  STATEMENTS THAT VIOLATED PETITIONER'S DUE PROCESS OF RIGHTS, PROCEDURAL LIBERTY TO BE RELEASED. THE FRAUDULENT ACCUSATION CREATED BY THE SUPERVISIOR: MR. AKIL WALKER AND MR. KENNTH TRUITT, WHO'S THE SEX OFFENDER THERAPIST FOR CSOSA, CONSPIRED TOGETHER THAT PETITIONER NEVER COMPLETED SEX OFFENDER THERAPY, WHICH IS A CONTRADICTION FROM THE EXHIBIT'S FILED, AND MR. AKIL WALKER, WAS TOTALLY AWARE OF  PETITIONER'S COMPLETION OF THE SEX OFFENDER THERAPY,BECAUSE MR. AKIL WALKER, WAS THE PAROLE OFFICER AT THAT TIME AND WHEN THE FRAUDULENT INFORMATION WAS SUBMITTED MR. AKIL WALKER, WAS THE SUPERVIOR OF TEAM (52 ) AND MR. AKIL WALKER, WAS HANDLING PETITIONER'S CASE ON A REGULAR BASIS AND THAT DISCHARGE SUMMARY WAS IN PETITIONER PAROLE FILE AND THE PAROLE EXAMINER Dr. PRICE, NEVER INVESTIGATED THE VIVID OF PETITIONER'S ACCOUNT OF THE FRAUDULENT INFORMATION USED TO VIOLATE PETITIONER FOR REFUSING THE [ G P S ] TRACKING DEVICE, AND OF COURSE WHERE IS THE **[ PERSONAL NOTE'S ]** THAT ARE REQUIRED BY PROFESS-IONAL HEALTH PROVIDERS THAT ARE LICENSED IN THE DISTRICT OF COLUMBIA PURSUANT TO

CHAPTER 12 OF TITLE 3, **OMNIBUS PUBLIC SAFETY ACT OF 2005, BILL 16-247 AND § 16-2405**

**FAILURE TO MAKE A REPORT.** SEX OFFENDER THERAPIST: MR. KENNETH TRUITT ?

ON SEPTEMBER 12TH 2007, THE PAROLE EXAMINER DR. PRICE, DID NOT FIND PETITIONER GUILTY OF

SUBSTANCE ABUSE, SO TO BE FORCED INTO A PROGRAM BEYOND THE REQUIREMENTS OF THIER

OWN PROCEDURES IS A VIOLATION, IMPOSING AN ATYPICAL AND SIGNIFICANT HARDSHIP UPON

PETITIONER, WOULD CONSTITUE DOUBLE JEOPARDY, CRUEL AND UNUSUAL PUNISHMENT, IF THE

COMMISSION DID NOT ORDER THIS ADDITIONAL CONFINDMENT WITHIN THE TIME FRAME OF THE

INCARCERATION OF (6) MONTHS, WHICH WAS THE PUNISHMENT FOR VIOLATING THE G P S

INSTALLATION OR AT THE REVOCATION HEARING FOR ANY OTHER SANCTIONS WOULD BE CON-

SIDERED COLLECTAL PUNISHMENTS AND WITHOUT **MERITS.** PETITIONER WAS ORDER TO REPORT

TO THE RE-ENTRY & SANCTION CENTER ON JANURARY 10TH 2008, **A DAY AFTER THE SERVICE OF** (6)

MONTHS, WITHOUT ANY JUSTIFIABLE REASON NOR ANY **"NOTICE OF ACTION"** EXPLAINING WHY,

PETITIONER WAS BEING FORCED INTO ANOTHER PLACE OF CONFINEMENT FOR AN ADDITIONAL (30)

DAYS, SINCE THE (6) MONTHS TERM OF INCARCERATION WAS FOR VIOLATING G P S TRACKING

DEVICE INSTALLATION WERE UP AND THE PROPER PROCEDURE REQUIRES ADQUATE NOTICE

TO PETITIONER IF HIS PAROLE WAS RESCIND FOR ANY TYPE OF INFACTION WITHIN THE INSTITUTION

FOR NONCOMPLIANCE OR OTHER REASONS IN THE 28 C.F.R.

PETITIONER, FILED A [ T R O ] RULE 65, FOR A TEMPORARY RESTRAINING ORDER AGAINST THE

UNITED STATES PAROLE COMMISSION AND THE COURT SUPERVISION **AND OFFENDER AGENCY**

CSOSA, FOR RETALIATORY ACTIONS AGAINST PETITIONER SINCE THE FIRST COMPLAINT WAS FILED.

PETITIONER, IS FILING **PRO SE** UNTRAINED IN THE LAW .SEE, HAINES v. KERNER, 404 U.S. 519, 92 S.Ct.

594,30 L.Ed. 2d 652 (1972); JOHNSON v. UNITED STATES,132 U.S. APP. D.C. 4, 405 F.2d 1072(1968); ROBERTS

v. PEGELOW,313 F.2d 548 (4TH Cir. 1963). THE SUPREME COURT HAS DECLARED THAT **PRO SE** COM-

PLAINTS ARE TO BE HELD " TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED

BY LAWYERS." HAINES v. KERNER, supra, 404 U.S. at 520, 92 S.Ct at 596, AND MORCOVER, THAT NO

LITIGANT'S COMPLAINT MAY BE DISMISSED UNDER FED.R. CIV.P. 12(b)(6) "UNLESS IT APPEARS

BEYOND DOUBT THAT THE PLAINTIFF [ **PETITIONER** ] CAN PROVE NO SET OF FACTS IN SUPPORT OF

HIS CLAIM WHICH WOULD ENTITLE HIM TO RELIEF." CONLEY v. GIBSON, 355 U.S. 41,45  46,78 S.Ct.99,

102, 2 L.Ed.2d 80 (1957). IF PETITIONER COMPLAINT DID NOT ALLEGE SUFFICIENT FACTS WHICH WOULD

SUPPORT SUCH A CLAIM, IT IS CONCEIVABLE THAT THE DEFICIENCY COULD HAVE BEEN RECTIFIED BY APPOINTMENT OF COUNSEL, WHICH WAS DENIED BY HONORABLE JUDGE: JAMES ROBERTSON, ON APRIL 1, 2008. WHETHER EXCEPTIONAL CIRCUMSTANCES EXIST REQUIRES AN EVALUATION OF THE TYPE AND COMPLEXITY OF EACH CASE ?  FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2) REQUIRES ONLY " A SHORT AND PLAIN STATEMENT OF THE CLAIM SHOWING THAT THE PLEADER IS ENTITLED TO RELIEF " SPECIFIC FACTS ARE NOT NECESSARY ; THE STATEMENT NEED ONLY "GIVE THE DEFENDANT FAIR NOTICE OF WHAT THE... CLAIM IS AND THE GROUNDS UPON WHICH IT REST." BELL ATLANTIC CORP v. TWOMBLY, 550 U.S.    .    (2007) (SLIP OP., at 7-8) (quoting CONLEY v. GIBSON, 355 U.S. 41, 47 (1957)). IN ADDITION, WHEN RULING ON A DEFENDANT'S MOTION TO DISMISS, A JUDGE MUST ACCEPT AS TRUE ALL OF THE FACTUAL ALLEGATIONS CON-TAINED IN THE COMPLAINT. BELL ATLANTIC Corp., supra, at _____(slip op., at 8-9) (citing SWIERKIEWICS v. SOREMA N.A., 534 U.S. 506, 508,n. 1 (2002 );  NEITZKE v. WILLIAMS, 490 U.S. 319, 327 (1989 ); SCHEWER v. RHODES, 416 U.S. 232, 236 (1974 )).

THE HONORABLE JUDGE: JAMES ROBERTSON, DENIED PETITIONER'S [ T R O ] TEMPORARY RESTRAIN-ING ORDER [ Dkt. # 3 ] BASED UPON IMPROPERLY FILING AND SERVICE TO DEFENDANTS / RESPOND-ENTS WHO HAVE RECEIVED THE [ T R O ] INSPITE OF PETITIONER'S WRONGFUL INTENTION IN FILING THE SERVICE OF THE MOTION / DOCUMENTS, WERE STILL SERVED UPON DEFENDANTS / RESPON-DENTS IN A TIMELY FASHION OR THEY WOULD NOT HAVE FILED TO DISMISS THE COMPLAINT [T R O] PETITIONER HAS FILED SEVERAL [ T R O ] TEMPORARY RESTRAINING ORDER, BECAUSE ON SEVERAL OCCASION CSOSA AND THE PAROLE COMMISSION HAS RETAILATED AGAINST PETITIONER BY ADDING THE "NO CONTACT WITH MINOR'S RESTRICTION" PROHIBITING HIM FROM LIVING AROUND CHILDREN OR MINOR'S FROM FRAUDULENT ACCUSATION AND THAT ALONE HAS CAUSED IRREPAR-ABLE DAMAGES OF BEING ISOLATED TO LIVE IN A SHELTER THEN AROUND FAMILY MEMBERS AND RELATIONSHIP'S WHO HAVE CHILDERN AND TO BE FORCED INTO ANOTHER DRUG TREATMENT PROGRAM AFTER COMPLETING THE RE-ENTRY & SANCTION CENTER REQUIREMENTS IS DOUBLE JEOPARDY ONCE AGAIN OUT OF RETAILATION AND THIS TIME I HAVE TO ATTEND (54 ) SESSIONS AT 216 MICHIGAN AVE, N E, WASHINGTON D C 20017.  OUTPATIENT BEHAVIORAL HEALTH SERVICES. FOR DRUG TREATMENT CLINICAL DIRECTOR: ART YOUNG, MA, LPC. THIS CASE SHOULD NOT BE THROWN-OUT OR MADE MOOT, SEE: JONES v. CUNNINGHAM, 371 U.S. 2236 (1963 ) THE COURT HELD THAT THE SUFFICIENTLY RESTRAINED OF HIS FREEDOM AS TO BE IN CUSTODY FOR THE PURPOSES OF

FEDERAL HABEAS CORPUS. WHEN THE PERIOD FIXED BY A JUDGMENT AND COMMITMENT ORDER

AND THE CALCULATED TERM OF RELEASE HAS BEEN SERVED THE CONTROL AND CUSTODY SHALL

NO LONGER HOLD THE PRISONER PAROLE UNDER THE ORIGINAL SENTENCE- NO MATTER WHETHER

HE HAS OR HAS NOT PAROLE GRANTED OR REVOKED. THE PAROLE PRISONER IS NOT A FREED MAN

WHILE ON PAROLE. SEE: HYSER v. REED, supra 115 U.S. App. D.C. 254, 318 F.2d 225, 235  THE SUPREME

COURT LONG AGO HELD THAT PAROLE IS IMPRISONMENT IN LEGAL AFFECT ANDERSON v. CORALL,

263 U.S.  193, 196, 44 S.Ct. 46, 68, L. Ed  247 (1923 ). THAT GIVES PAROLEE'S THE RIGHT TO UTILIZE THE

WRIT OF HABEAS CORPUS WHILE ON PAROLE, IF CONSTITUTIONALLY PETITIONER IS STILL IMPRISON-

ED IN LEGAL AFFECT AND THIS CASE SHOULD NOT BE THROWN-OUT OR MADE  | **MOOT** | JUST BE-

CAUSE PETITIONER IS NO LONGER CONFINED INSIDE THE WALLS OF AN INSTITUTION.  IN THOMPSON

481 F. 2d  521, UNITED STATES v. Mc DONALD, THE COURT OBSERVED: ONE OF THE RIGHTS WHICH THE

CONSTITUTION GUARANTEES DISTRICT RESIDENTS, IN COMMON WITH ALL RESIDENTS OF THE

UNITED STATES, IS THE RIGHT NOT TO BE ARBITRARILY SINGLED OUT FOR SPECIAL TREATMENT

NOT AFFORDED TO OTHER SIMILARLY SITUATED. Id  452  F.2d at 1338  STOUTENBURGH v. HENNICK,

129 U.S. 141, 9 S.Ct 256, 32 L.Ed. 637 (1889 ). U.S. Const. art. 1 § 8, Cl. 17. Id; Cl. 18.

SCHNEIDER  v. RUSK, 377 U.S. 163, 84 S. Ct 1187, 12 L.Ed. 2d 218 (1964 ).

## CEETIFY OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to the Assistant United States Attorney, T. ANTHONY
QUINN ( D.C. Bar NO. 415-213
555 Fourth Street, NW.  Special Proceedings Division, Room 10-909
Washington, D.C. 20530

( By hand delivered on this 20th day of  May, 2008 and upon the UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA.

Petitioner:  BARRY B. MARTIN
Case NO. 08-181(JR)